White, C. J.
The question arises under the act of May 7, 1869, amending section two of the act to require mortgages or bills of sale to be deposited with township clerks. 66 Ohio L. 345.
So much of the section as relates to the question, is as follows: “ That the mortgagee, his agent, or attorney, . . . shall, in case the said instrument shall have been given to secure the payment of a sum of money only, enter thereon a true statement, in dollars and cents, of the amount of his claim, and that it is just and unpaid. And in case said instrument shall have been given to indemnify the mortgagee against a liability as surety for the mortgagor, shall enter thereon a true statement of such liability, and that said instrument was taken in good faith to indemnify against any loss that may result therefrom ; which statement shall, in either ease, be verified before some jus *554 tice of the peace, or other officer authorized to administer oaths.”
It is no objection, under the statute, that the mortgage was given to secure a debt owing to the mortgagee; and, also, to indemnify him against his liability as surety of the mortgagor. Nor does the statute prescribe a particular form in which the statement on the mortgage must be made. If the statement contains the requisite facts, the form in which they are stated is immaterial.
The mortgage in the present case shows that the mortgagee signed the thousand dollar note in consideration of the mortgagor’s promise to indemnify him against any loss on account thereof. On that note, therefore, the mortgagee was the surety of the mortgagor.
The mortgage also shows that the note of $860 was owing directly to the mortgagee ; and that the mortgagor guaranteed its payment, in consideration of an extension of time.
The condition of the mortgage was, that the mortgagor should pay the notes, and perform the agreements contained in the mortgage.
The .affidavit indorsed on the mortgage states, that the mortgagor promised to indemnify the mortgagee, as set forth in the mortgage, in the sum of'$1,360, and interest, and that said notes are just and unpaid; also that the mortgage was executed in good faith, to secure the payment of he notes.
The reference to the mortgage in the affidavit, makes it, in effect, a part of the affidavit, and both are to be taken and read together. Thus considered, the affidavit shows the nature and extent of the liability of the mortgagee as surety of the mortgagor, and the nature and extent of his claim arising out of such liability, as well as upon the note held by him.
Looking to the manifest object of the statute, it seems to us its requirements have been, in the present case, substantially complied with.
It is contended, for the defendant in error, that the affi *555 davit does not show that the mortgage "was taken in good faith.
The statement in the affidavit is, that the mortgage was executed to the mortgagee in good faith, to secure the payment of the notes. Good faith in the execution of the instrument implies good faith in its acceptance.-
Leave granted, judgment reversed, and cause remanded.